United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MIGUEL ILAW,<br><br>                    Plaintiff<br><br>v.<br><br>DAUGHTERS OF CHARITY HEALTH<br>SYSTEMS, ET AL.,<br><br>                    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No.: 11-CV-02752-LHK

ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS WITH LEAVE
TO AMEND

Plaintiff Miguel Ilaw, proceeding *pro se*, a former employee of Defendants Daughters of Charity Health Systems ("Daughters of Charity"), Caritas Business Services ("Caritas"), and O'Connor Hospital, brings suit under Title VII of the U.S. Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e *et seq*. Although difficult to decipher the vague allegations in his First Amended Complaint ("FAC"), Plaintiff does allege gender discrimination and retaliation. Plaintiff has not yet served Caritas or O'Connor Hospital. Defendant Daughters of Charity has moved to dismiss on the basis of failure to timely exhaust administrative remedies. Plaintiff failed to oppose the motion. Pursuant to Civil Local Rule 7-1(b), the Court finds this motion appropriate for determination without oral argument and vacates the September 22, 2011 motion hearing. For the reasons discussed below, Defendant's motion to dismiss is GRANTED WITH LEAVE TO AMEND.

1

# I. BACKGROUND

For purposes of ruling on Defendant's motion to dismiss, the Court accepts as true Plaintiff's well-pled allegations in the complaint. *Marceau v. Blackfeet Housing Authority*, 540 F.3d 916, 930 (9th Cir. 2008). Plaintiff was employed as an "insurance verifier" by Daughters of Charity and Caritas from March 2007 to April 2010. FAC ¶ 6. In May 2010, Plaintiff was transferred to work at O'Connor Hospital. *Id*. at ¶ 7. Plaintiff alleges that, throughout his employment with Defendants, he was only the male in his department and that his hourly rate was less than similarly situated female employees. *Id*. at ¶ 9. Plaintiff alleges that, in May 2010, his Department Director, Ms. Mary Ellen Swigert, "discriminated against [him] by giving him instructions that were different from [his] female coworkers." *Id*. at ¶ 10. Plaintiff further alleges that "the most unbearable incident happened on July 27, 2010, when Swigert and Sandra Corpus, supervisor, provided [him] instructions that required [him] to be in two places at one time and criticized [him] for not following instructions. They berated [him] with open door." *Id*. at ¶ 11. In addition, Plaintiff found "love in unexpected place: Facebook," as Plaintiff was "devastated" to learn that Swigert and Corpus were apparently having a romantic relationship, but "never showed compassion to [him] as a male co-worker." *Id*. at ¶¶ 19-20. Plaintiff shared this information with O'Connor Hospital's Director of Employment, Julie Hatcher, telling Ms. Hatcher about the "rumor spreading around that they 'like girls,' so please investigate." *Id*. at ¶ 21. Plaintiff alleges that this treatment caused him workplace stress and severe anxiety. *Id*. at ¶ 25.

On September 16, 2010, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). *See* Charge, attached to Compl. at 17. On October 20, 2010, Plaintiff requested a Notice of Right to Sue authorization with respect to his EEOC charge. *See* Def.'s RJN, Exh. A. Plaintiff's Right to Sue Notice was issued on October 22, 2010. *See* Compl. at 18.

On November 5, 2010, Plaintiff filed suit in Santa Clara County Superior Court for gender discrimination in violation of California Government Code § 12940. *See* Def.'s RJN, Exh. B. Plaintiff did not raise his federal claims in the state court action. On May 31, 2011, at Plaintiff's request, the state court complaint was dismissed without prejudice. *See* Def.'s RJN, Exh. C. On

2

June 7, 2011, Plaintiff filed his initial Complaint in this Court.  *See* Dkt. #1.  Following Defendant Daughter of Charity's motion to dismiss, Plaintiff filed the FAC on July 12, 2011.[1]  Pending before the Court is Daughter of Charity's motion to dismiss the FAC.  Plaintiff has not filed an opposition.

## II.  LEGAL STANDARDS

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint.  To withstand a motion to dismiss, a plaintiff must "plead enough facts to state a claim that is plausible on its face."  *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).  All allegations of material fact shall be taken as true and interpreted in a manner most favorable to the non-moving party.  *Simon v. Hartford Life and Accident Ins. Co.*, 546 F.3d 661, 664 (9th Cir. 2008).  Leave to amend should be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment.  *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995).  If amendment would be futile, a dismissal may be ordered with prejudice.  *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996).

On a motion to dismiss, the Court's review is limited to the face of the complaint and matters judicially noticeable.  *North Star Int'l v. Arizona Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  However, under the "incorporation by reference" doctrine, the Court may also consider documents that are referenced extensively in the Complaint or that form the basis of Plaintiff's claim and whose authenticity no party questions, without converting a motion to dismiss under Rule 12(b)(6) into a motion for summary judgment.  *United States v. Ritchie*, 342 F.3d 903, 909 (9th Cir. 2003).

## III.  DISCUSSION

Defendant Daughters of Charity argues for dismissal of Plaintiff's FAC on the ground that Plaintiff did not timely exhaust his administrative remedies as required by Title VII.  Because the time to exhaust has passed, Defendant seeks dismissal with prejudice.

---

[1] On July 14, 2011, Plaintiff filed a correction to the FAC, which did not change the substance of Plaintiff's allegations.

Case No.: 11-CV-02752-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

**United States District Court**
For the Northern District of California

**A.  Judicial Notice of Request for EEOC Right to Sue and State Court Documents**

For purposes of ruling on a motion to dismiss under Rule 12(b)(6), the pleadings are deemed to include "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading."  *See Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998).  The Court may also take judicial notice of matters of public record, including federal, state, and administrative proceedings.  *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001); *see also Dawson v. Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006) (allowing for judicial notice in federal court of state court orders and proceedings).  In the instant action, the Court takes judicial notice of Plaintiff's Request for Notice of Right to Sue authorization, state court complaint, and voluntary dismissal of state court complaint.

**B.  Failure to Exhaust**

Timely exhaustion of administrative remedies is a statutory requirement to filing suit under Title VII.  *See Sommatino v. United States*, 255 F.3d 704, 708 (9th Cir. 2001).  Timely exhaustion occurs when the plaintiff files a charge with the EEOC within 180 days from the date upon which the alleged unlawful practice occurred.  *See* 42 U.S.C. § 2000e-5(e).  If, however, a plaintiff has initially instituted proceedings with a state or local agency with authority to grant relief from the allegedly unlawful practice, a plaintiff has 300 days after the allegedly unlawful employment practice, or 30 days after receiving notice that the state or local agency has terminated proceedings under state or local law, whichever is earlier, to file a charge with the EEOC.  *Id*.  A plaintiff filing a complaint under Title VII has ninety days to file the complaint in federal court after receipt of the EEOC's right to sue letter.  *See* 42 U.S.C. § 2000e-16(c) ("Within 90 days of receipt of notice of final action taken by . . . the [EEOC] . . . if aggrieved by the final disposition of his complaint, or by the failure to take final action on his complaint, [an employee] may file a civil action . . . .").  Failure to timely exhaust is treated as a violation of a statute of limitations with whatever defenses are available such as equitable tolling and estoppel.  *Santa Maria v. Pacific Bell*, 202 F.3d 1170 (9th Cir. 2000); *see also Draper v. Coeur Rochester*, 147 F.3d 1104, 1107 (9th Cir. 1998) ("Because the limitations period under Title VII operates as a statute of limitations, a claim of discrimination under the Act will not be sustained if it is based on an event or events that occurred

United States District Court
For the Northern District of California

4

1   more than 300 days before the filing of a charge.").

2         Here, there is no dispute that Plaintiff's September 16, 2010 EEOC Charge against

3   Defendant O'Connor Hospital was within 300 days of the alleged incident of discrimination.

4   However, there was no timely charge filed against Defendants Daughters of Charity and Caritas –

5   at least, Plaintiff alleged no timely charge in his FAC.  Moreover, even assuming Plaintiff's

6   September 16, 2010 EEOC Charge against O'Connor Hospital is sufficient to pursue Plaintiff's

7   claims against Daughters of Charity and Caritas, Plaintiff's FAC is still clearly deficient for yet

8   another reason.  Plaintiff did not file suit in federal court within 90 days of receipt of the EEOC's

9   October 22, 2010 Right to Sue letter.  In fact, Plaintiff did not file suit until June 7, 2011, some 230

10  days after the Right to Sue letter was issued.  Accordingly, absent equitable tolling, Plaintiff's

11  federal claims are time-barred.  *See Draper*, 147 F.3d at 1107 ("Like a statute of limitations,

12  however, the limitations period contained in Title VII is 'subject to waiver, estoppel, and equitable

13  tolling.'") (internal citation omitted); *see also Rucker v. Sacramento County Child Protective*

14  *Servs.*, No. 2:09-CV-01673-JAM-KJN, 2010 U.S. Dist. LEXIS 54079, at *16-17 (E.D. Cal. June 1,

15  2010) ("Unless equitable tolling applies, plaintiff's EEOC right-to-sue letter establishes that the

16  plaintiff's federal claims are time barred.").

17        Defendant argues that any argument for equitable tolling is undercut by Plaintiff's October

18  20, 2010 Request for Notice of Right to Sue authorization.  As Defendant correctly notes, that

19  Request, signed and dated by Plaintiff, includes a specific provision stating that the undersigned is

20  "aware that [he] must file a private suit in *Federal Court* within ninety (90) days from the receipt

21  of [his] receipt of Notice of Right to Sue."  (emphasis added).  Thus, equitable tolling is highly

22  unlikely.  *See Scholar v. Pac. Bell*, 963 F.2d 264, 267-68 (9th Cir. 1992) (claimant who fails to

23  exercise due diligence in preserving legal rights is not entitled to equitable tolling).  Although it

24  appears unlikely that equitable tolling is appropriate in these circumstances, it is this Court's

25  practice to grant leave to amend to allow a plaintiff, especially a *pro se* plaintiff, at least one

26  opportunity to remedy deficiencies in the complaint.  Accordingly, Plaintiff's FAC is dismissed

27  with leave to amend to identify a specific basis for equitable tolling.

28

Case No.: 11-CV-02752-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

## IV. CONCLUSION

Accordingly, the Court GRANTS Defendant's motion to dismiss with leave to amend as specified above.  Plaintiff shall file an amended complaint, if any, within twenty-one (21) days of September 19, 2011.  Plaintiff should note that failure to file and serve a timely amended complaint risks dismissal of this action with prejudice.  The motion hearing currently scheduled for September 22, 2011 is vacated.

**IT IS SO ORDERED.**


Dated: September 18, 2011                                  *Lucy H. Koh*
                                                           _____
                                                           LUCY H. KOH
                                                           United States District Judge

United States District Court
For the Northern District of California

Case No.: 11-CV-02752-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND