UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| MIGUEL ILAW, an individual, | ) | Case No.: 11-cv-02752-LHK |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING DEFENDANT |
| v. | ) | DAUGHTERS OF CHARITY HEALTH |
| | ) | SYSTEM'S MOTION TO DISMISS |
| DAUGHTERS OF CHARITY HEALTH | ) | WITH PREJUDICE |
| SYSTEM, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Miguel Ilaw ("Plaintiff"), proceeding *pro se*, a former employee of Defendants Daughters of Charity Health System ("Daughters of Charity"), Caritas Business Services ("Caritas"), and O'Connor Hospital, brings suit under Title VII of the U.S. Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e *et seq.* Plaintiff's Second Amended Complaint ("SAC"), in addition to the claims of gender discrimination and retaliation alleged in the First Amended Complaint ("FAC"), alleges pay discrimination and hostile work environment. *See* ECF No. 32. Defendant Daughters of Charity Health System ("Defendant") moves, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss all four claims in Plaintiff's SAC for failure to timely exhaust administrative remedies and failure to state a sufficient basis for equitable tolling.[1] *See*

---

[1] Defendants Caritas and O'Connor Hospital were not named as defendants in Plaintiff's original Complaint, but were added as defendants in Plaintiff's First Amended Complaint and remain named defendants in the operative Second Amended Complaint. However, it appears that Caritas and O'Connor Hospital have not been properly served and therefore have not appeared in this

1

Case No.: 11-cv-02752-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE

ECF No. 40. The Court held a hearing on the motion on February 2, 2012. Having considered the parties' submissions and argument and the relevant law, the Court hereby GRANTS Defendant's motion to dismiss with prejudice.

## I. BACKGROUND

### A. Facts[2]

Plaintiff was employed as an "insurance verifier/financial advisor/patient services" by Daughters of Charity and Caritas from March 2007 to September 2010. SAC at 4:10-13. In May 2010, Plaintiff was transferred to work at O'Connor Hospital. *Id.* at 10:7-9. Plaintiff alleges that, throughout his employment with Defendants, he was the only male in his department and that his hourly rate was less than similarly situated female employees. *Id.* at 4:13-17. Plaintiff further alleges that on July 27, 2010, his Department Director, Ms. Mary Ellen Swigert, berated Plaintiff for not following instructions, which required Plaintiff to be in two places at one time. *See id.* at 10:21-24. Plaintiff alleges that he was "being solely questioned . . . and targeted" when Swigert sent an email only to Plaintiff that questioned his patient accounts. *Id.* at 27:14-20. Plaintiff complained to Julie Hatcher, O'Connor Hospital's Director of Employment, and to Don Briones, Caritas's Executive Director. *Id.* at 27:23-26, 28:4-7. Briones assured Plaintiff that an investigation would be conducted and that Plaintiff would be transferred from O'Connor Hospital in San Jose to Caritas in Redwood City. *Id.* at 28:8-10.

Due to the workplace stress caused by his two supervisors, Plaintiff went to the emergency room on August 4, 2010, complaining of severe heart palpitations. *Id.* at 28:15-18. Later that day, Plaintiff found photos of a female co-worker wearing a bracelet Swigert gave her, which led Plaintiff to question the "boss-to-employee" relationship. *Id.* at 28:22-26, 29:1-17. Plaintiff

---

action. Thus, the Motion to Dismiss presently before the Court is brought solely on behalf of Defendant Daughters of Charity Health System.

[2] The following facts as pleaded in Plaintiff's SAC are taken to be true, for purposes of ruling on the motion to dismiss. *See Marceau v. Blackfeet Housing Auth.*, 540 F.3d 916, 919 (9th Cir. 2008). The facts underlying Plaintiff's Title VII claims have been summarized in the Court's prior Order Granting Defendant's Motion to Dismiss with Leave to Amend, Sept. 18, 2011, ECF No. 31, and will be repeated here only to the extent necessary.

showed the photos to Hatcher and asked her to conduct an investigation because it implied favoritism and bias. *Id.* at 29:12-25.

On August 24, 2010, Plaintiff spoke to EEOC Investigators, Jerold Mars and Rosa Salazar, to complain about the hostile work conditions of his job. *Id.* at 30:20-25. Salazar recommended to Plaintiff that he ask for a "remedy and resolution" of his workplace problems. *Id.* The next day, Dr. Daniel Shin, Plaintiff's primary physician, prescribed him Valium for work-related anxiety. *Id.* at 31:6-11. Dr. Shin then referred Plaintiff to another doctor, Dr. Solis, for "mental therapy." *Id.*

On August 26, 2010, Plaintiff took the advice of the EEOC Investigators and emailed Hatcher and Kris DeCossio, O'Connor Hospital's Labor Relations Manager, to request an investigation and a resolution to his workplace problems. *Id.* at 30:6-10, 31:15-18. Neither Hatcher nor DeCossio replied to Plaintiff's email. *Id.* at 31:19-20. About a week later, on September 3, 2010, Doctors Shin and Solis began more extensive treatments of Plaintiff's "severe anxiety from work-related stress." *See id.* at 31:23-26. In the course of these treatments, Plaintiff took time off from work and resumed his duties on September 14, 2010. *See id.* That same day, Plaintiff was asked to meet with Hatcher and Ms. Odena, Caritas' Director of Employment, who gave Plaintiff his last paycheck and presented him with a termination agreement to sign. *Id.* at 32:1-17. They informed Plaintiff that he could not "work along with Swigert's style" and that "today [was his] last day whether [he signs] it or not." *Id.* at 32:11-21. Plaintiff refused to sign and left. *Id.* at 32:23.

On November 5, 2010, Dr. Mohan Nair performed a medical examination of Plaintiff in conjunction with a worker's compensation claim Plaintiff filed against Defendants. *Id.* at 35:17-24; 38:13-24. Thereafter, Dr. Nair issued a Qualified Medical Evaluation Report, which diagnosed Plaintiff with "Temporary Psychiatric Disability" caused by "work-related disparate treatments" and "HIV illness." *Id.* at 38:13-24. Dr. Nair also recommended psychotherapy treatments for Plaintiff. *Id.* at 38:21-22. Subsequently, Dr. Nair performed another examination of Plaintiff on August 22, 2011, and again diagnosed Plaintiff with psychiatric disability. *Id.* at 38:23-24. At some point, Plaintiff's health insurance was terminated, which was a source of concern for Plaintiff because Plaintiff was HIV positive. *See id.* at 60:19-22.

3

Plaintiff alleges that on April 4, 2011, he met with EEOC Officer Mars to request a "re-opening" of his case and renewed investigation on the merits of Plaintiff's claims. SAC at 62:20-24, 63:19-21. Plaintiff returned on June 2, 2011 to speak with EEOC Officer Salazar, making the same requests. *Id.* at 62:20-23. Both officers denied Plaintiff's requests. *Id.* at 64:15-16.

### B. Procedural History

On September 16, 2010, Plaintiff filed a Charge of Discrimination against O'Connor Hospital with the EEOC, based on alleged discriminatory acts that occurred between May 2010 and September 14, 2010. *See* Compl. at 17, ECF No. 1. On October 20, 2010, Plaintiff requested a Notice of Right to Sue authorization with respect to his EEOC charge. *See* Request for Judicial Notice ("RJN") Ex. A. Plaintiff's Right to Sue Notice was issued on October 22, 2010. *See* Compl. at 18.

On November 5, 2010, Plaintiff filed suit in Santa Clara County Superior Court against the same defendants named in this action, among others, seeking damages under California Government Code § 12940 for alleged gender discrimination, harassment, retaliation, and wrongful termination in violation of public policy. *See* RJN Ex. B. Plaintiff did not raise his federal claims in the state court action. The case settled at court-ordered mediation with a neutral mediator, but Plaintiff changed his mind a few days later and withdrew from the settlement agreement. *See* SAC at 39:14; 40:6-24. Plaintiff thereafter fired his attorney and continued to proceed *pro se* in the state action. SAC at 43:14-17. Plaintiff eventually moved to dismiss his state court action without prejudice, which the state court granted on May 31, 2011. *See* RJN Ex. C.

On June 7, 2011, Plaintiff initiated this action against Defendant in federal court. *See* ECF No. 1. Defendant filed a motion to dismiss on July 7, 2011, ECF No. 11, to which Plaintiff responded by filing a First Amended Complaint ("FAC"), ECF No. 20. Defendant filed a motion to dismiss the FAC, ECF No. 27, to which Plaintiff failed to file an opposition. The Court dismissed Plaintiff's FAC as time-barred, but granted leave to amend to give Plaintiff, a *pro se* litigant, opportunity to allege facts supporting equitable tolling. *See* ECF No. 31 at 4-6. Plaintiff filed a Second Amended Complaint on October 4, 2011, ECF No. 32, and Defendant again moved to dismiss, ECF No. 40. Plaintiff filed a three-sentence opposition to which he attached a new

4

request for a right to sue letter, and a new charge of discrimination filed with the EEOC, this time naming Defendant Daughters of Charity, both dated October 20, 2011.[3]  ECF No. 41.

**II. LEGAL STANDARDS**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss an action for failure to allege "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (internal citations omitted).  For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the non-moving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  Moreover, pro se pleadings are to be construed liberally. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980).

Nonetheless, the Court need not accept as true allegations contradicted by judicially noticeable facts, and the "[C]ourt may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into one for summary judgment. *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir.), *cert. denied*, 516 U.S. 964 (1995); *see Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002).  Nor is the Court required to "'assume the truth of legal conclusions merely because they are cast in the form of factual allegations.'" *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (quoting *W. Mining Council*

---

[3] Plaintiff's entire opposition consists of three sentences.  First, he states that he opposes Defendant's motion.  Second, he explains that "[i]n amending [the] SAC with [a] new 'Notice of Right To Sue,' the Plaintiff is asking [for] a formal answer to [the] SAC from the Defendants." Opp'n at 1.  Third, Plaintiff states, without analysis or citation to case law, that 42 U.S.C. § 2000e5(e) and Federal Rule of Civil Procedure 12(b)(1) are not applicable to Defendant's motion. *Id.* at 2.  Although Plaintiff states that he is attaching a new "Notice of Right to Sue," the Court notes that Plaintiff has attached only a new Charge of Discrimination against Daughters of Charity, filed with the EEOC on October 20, 2011, and an accompanying request for a Notice of Right to Sue.  Plaintiff has not attached a new Notice of Right to Sue.

*v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004) (internal quotation marks and citations omitted); *accord Iqbal*, 129 S. Ct. at 1950.

The Ninth Circuit has observed that "[g]enerally, the applicability of equitable tolling depends on matters outside the pleadings, so it is rarely appropriate to grant a Rule 12(b)(6) motion to dismiss . . . if equitable tolling is at issue." *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1003-04 (9th Cir. 2006) (citations omitted). Thus, in the Ninth Circuit, "'[a] complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim.'" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995)). A Rule 12(b)(6) motion to dismiss on statute of limitations grounds may be granted "only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Morales v. City of L.A.*, 214 F.3d 1151, 1153 (9th Cir. 2000); *see also Cervantes v. City of San Diego*, 5 F.3d 1273, 1277 (9th Cir. 1993) (holding that a motion to dismiss on statute of limitations grounds should not be granted if "the complaint, liberally construed in light of our 'notice pleading' system, adequately alleges facts showing the potential applicability of the equitable tolling doctrine.").[4]

---

[4] It is unclear whether the Supreme Court's decisions in *Twombly* and *Iqbal* affect the pleading rules regarding equitable tolling, as the Ninth Circuit does not appear to have discussed the rule since those two decisions. However, federal district courts throughout the state have concluded that the rule concerning equitable tolling is unaffected, because *Twombly* and *Iqbal* addressed the requirements of Federal Rule of Civil Procedure 8, whereas equitable tolling typically turns on matters outside of the pleadings. *See, e.g.*, *Champlaie v. BAC Home Loans Servicing, LP*, 706 F. Supp. 2d 1029, 1052 (E.D. Cal. 2009); *Taheny v. Wells Fargo Bank, N.A.*, No. CIV. S-10-2123 LKK/EFB, 2010 WL 5394315, at *6 (E.D. Cal. Dec. 22, 2010); *Guinto v. Wells Fargo Bank*, No. CIV. S-11-372 LKK/GGH, 2011 WL 2618893, at *4 n.15 (E.D. Cal. June 30, 2011); *see also Plascencia v. Lending 1st Morg.*, 583 F. Supp. 2d 1090, 1098 (N.D. Cal. 2008) (applying the traditional pleading standard for equitable tolling); *Mendoza v. Wilmington Finance*, No. C-10-5792-SC, 2011 WL 2182914, at *3 (N.D. Cal. June 6, 2011); *Wende v. Countrywide Home Loans, Inc.*, Civil No. 10cv205-L(BLM), 2011 WL 1002193, at *3 (S.D. Cal. Mar. 21, 2011); *Nava v. VirtualBank*, 2:08-CV-00069-FCD-KJM, 2008 WL 2873406 (E.D. Cal. July 16, 2008). This Court does not believe *Cervantes* and *Iqbal* are in tension. Where the running of the statute of limitations appears on the face of a complaint, a plaintiff must allege facts to support a plausible claim that the equitable tolling doctrine applies in order to survive a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6).

6

Case No.: 11-cv-02752-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE

## III. DISCUSSION

### A. Failure to Exhaust and Time Bars

Timely exhaustion of administrative remedies is a statutory prerequisite to filing suit under Title VII. *See Sommatino v. United States*, 255 F.3d 704, 707-08 (9th Cir. 2001). To timely exhaust administrative remedies, a plaintiff must file a charge with the EEOC within 180 days from the last act of alleged discrimination, unless the complainant initially institutes proceedings with a state or local agency, in which case the EEOC charge must be filed within 300 days of the last discriminatory act, or within 30 days of receiving notice that the state or local agency has terminated proceedings, whichever is earlier. 42 U.S.C. § 2000e-5(e). Furthermore, a plaintiff seeking to file a complaint in federal court under Title VII must do so within ninety days of receiving the EEOC's right to sue letter. 42 U.S.C. § 2000e-16(c).

Here, there is no dispute that Plaintiff did not file a charge of discrimination against Defendant within 180 or even 300 days of the alleged incident of discrimination. *See* Compl. at 17; ECF No. 31 at 5. Although Plaintiff filed an EEOC charge on September 16, 2010, less than 180 days after the alleged discriminatory acts, Plaintiff did not name Defendants Daughters of Charity or Caritas, but instead named only O'Connor Hospital. *See* Compl. at 17. Plaintiff has apparently sought to cure this defect by filing an EEOC charge against Daughters of Charity on October 20, 2011, more than four months after filing this federal suit, and more than one year after the last alleged incidents of gender discrimination, pay discrimination, hostile work environment, and retaliation.[5] *See* Opp'n at 4-5. This second Notice of Right to Sue is also untimely and does not cure his previous failure to exhaust administrative remedies. Thus, as the Court previously found, Plaintiff has failed to exhaust his administrative remedies in regard to Defendant Daughters of Charity.

Furthermore, even assuming Plaintiff's September 16, 2010 EEOC Charge against O'Connor Hospital could be sufficient to pursue Plaintiff's claims against Daughters of Charity

---

[5] Plaintiff's October 20, 2011 EEOC Charge also includes a new claim, "failure to rehire or transfer," which he alleges occurred on March 25, 2011. Opp'n at 5. This claim is not pled in his SAC, and even if it were, the charge would still be untimely because it was not filed within 180 days of March 25, 2011.

7

Case No.: 11-cv-02752-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE

1   and Caritas,[6] Plaintiff clearly failed to file this Title VII action within 90 days of receipt of the

2   EEOC's Right to Sue letter. *See* 42 U.S.C. § 2000e-16(c). As this Court previously found, and

3   which Plaintiff does not now dispute, Plaintiff received the EEOC's Right to Sue letter on October

4   22, 2010, but did not file this suit until June 7, 2011, some 230 days after the Right to Sue letter

5   was issued. Because "the running of the statute [was] apparent on the face of [Plaintiff's First

6   Amended Complaint]," *Huynh*, 465 F.3d at 997, the Court dismissed Plaintiff's FAC. These facts

7   have not changed in the SAC. Therefore, the running of the statute remains apparent on the face of

8   Plaintiff's complaint, and dismissal is warranted, unless Plaintiff has alleged a plausible entitlement

9   to equitable tolling.

### B. Equitable Tolling

Neither the exhaustion of administrative remedies nor the 90-day filing deadline is a jurisdictional requirement. Rather, failure to comply with either of these requirements is treated as a violation of a statute of limitations, subject to the usual defenses of waiver, estoppel, and equitable tolling. *See Josephs v. Pac. Bell*, 443 F.3d 1050, 1053-54 (9th Cir. 2006) (exhaustion requirement not jurisdictional); *accord Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 398 (1982) (same); *Valenzuela v. Kraft, Inc.*, 801 F.2d 1170 (9th Cir. 1986) (90-day filing requirement not jurisdictional). The Court noted in its September 18, 2011 Order that "equitable tolling is

---

[6] Although the "general rule" is that "Title VII claimants may sue only those named in the EEOC charge because only they had an opportunity to respond to charges during the administrative proceeding," the Ninth Circuit has recognized a number of exceptions allowing Title VII suits to proceed against a defendant not specifically named in the underlying EEOC charge. *Sosa v. Hiraoka*, 920 F.3d 1451, 1458-59 (9th Cir. 1990). These exceptional circumstances include (1) when the unnamed defendants "'were involved in the acts giving rise to the E.E.O.C. claims,'" *id.* at 1458-59 (quoting *Wrighten v. Metro. Hosp.*, 726 F.2d 1346, 1352 (9th Cir. 1984)); (2) "where the EEOC or defendants themselves 'should have anticipated' that the claimant would name those defendants in a Title VII suit," *id.* at 1459 (quoting *Chung v. Pomona Valley Cmty. Hosp.*, 667 F.2d 788, 792 (9th Cir. 1982)); (3) where "the respondent named in the EEOC charge is a principal or agent of the unnamed party, or if they are substantially identical parties," *id.* (internal quotation marks and citations omitted); (4) where "the EEOC could have inferred that the unnamed party violated Title VII," *id.*; and (5) where "the unnamed party had notice of the EEOC conciliation efforts and participated in the EEOC proceedings," *id.* Although some of these exceptions may be applicable here, the Court need not explore them because Plaintiff failed to file his Title VII suit within the 90-day deadline and has not shown a plausible entitlement to equitable tolling, as discussed *infra*.

8
Case No.: 11-cv-02752-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE

highly unlikely" given the facts of this case. ECF No. 31 at 5. Nonetheless, as is this Court's policy, the Court granted Plaintiff, a *pro se* litigant, leave to amend so that he might "identify a specific basis for equitable tolling." *Id.* Plaintiff amended his complaint to address the issue of equitable tolling, but Defendant argues that Plaintiff has not alleged facts in his SAC sufficient to indicate a possibility of equitable tolling. The Court agrees with Defendant.

A party asserting equitable tolling must demonstrate that: (1) he has been diligent in pursuing his rights, and (2) extraordinary circumstances prevented him from filing on time. *See Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005). The doctrine is to be applied sparingly and is reserved only for "extreme cases," which is typically only "when the statute of limitations was not complied with because of defective pleadings, when a claimant was tricked by an adversary into letting a deadline expire, [or] when the EEOC's notice of the statutory period was clearly inadequate." *Scholar v. Pac. Bell*, 963 F.2d 264, 267-68 (9th Cir. 1992) (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)); *see also Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999) (holding that a Plaintiff who was repeatedly sexually abused by her co-workers suffered from mental disability sufficient to support equitable tolling).

Plaintiff has not alleged that any of these "extreme" circumstances is present here, nor has he alleged any other facts sufficient to support a plausible entitlement to equitable tolling. First, Plaintiff has not shown diligence in pursuing his Title VII rights. Even assuming that the September 16, 2010 EEOC Charge against O'Connor Hospital is sufficient to pursue Title VII claims against Daughters of Charity, Plaintiff has not alleged facts sufficient to justify his failure to bring this federal suit within 90 days of receiving his October 22, 2010 EEOC Right to Sue letter. Plaintiff argues that he has been diligent in pursuing his rights, pointing to the fact that immediately after requesting a Right to Sue authorization, he hired an attorney to represent him, and timely filed suit in state court on state law grounds. *See* SAC at 36:16-22. However, Plaintiff has "failed to provide any authority for the proposition that the filing of an action in state court asserting only state law causes of action tolls the limitations period for these federal law claims." *Doss v. Franciscan Health Sys.*, No. C11-5163BHS, 2011 WL 3841707, at *2 (W.D. Wash. Aug. 30, 2011); *see O'Donnell v. Vencor, Inc.*, 466 F.3d 1104, 1111 (9th Cir. 2006) (equitable tolling

9

Case No.: 11-cv-02752-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE

did not apply to an untimely second Title VII complaint, after first Title VII complaint was dismissed without prejudice, because second complaint was a "separate filing" and "[did] not relate back to her first complaint" (internal quotation marks omitted)); *cf. Eichman v. Fotomat Corp.*, 880 F.2d 149, 156 (9th Cir. 1989) (holding that a plaintiff's prior state court action alleging state antitrust claims did not toll the statute of limitations on his federal antitrust claim filed in a subsequent federal action, because "[i]f the filing of a state antitrust claim could equitably toll the federal antitrust statute of limitations, this would result in a judicially mandated tacking of state limitations periods onto the federal limits").

*Valenzuela v. Kraft*, 801 F.2d 1170 (9th Cir. 1986), is of no assistance to Plaintiff. There, the plaintiff timely filed a Title VII complaint in state court, which the defendant removed to federal court. The district court then dismissed the action, finding that federal courts have exclusive jurisdiction over Title VII actions and that the state court therefore lacked jurisdiction before the removal. The plaintiff expeditiously filed a new Title VII complaint in district court, but the 90-day window had by then already closed. *See Valenzuela*, 801 F.2d at 1171-72. The Ninth Circuit granted equitable tolling under those circumstances, noting that at the time plaintiff filed her state court action, it was unclear whether federal courts had exclusive jurisdiction over Title VII claims. *Id.* at 1175.

Unlike the plaintiff in *Valenzuela*, Plaintiff here did not assert his Title VII claims in his previous state court action. Moreover, it has now been well established for some time that state and federal courts have concurrent jurisdiction over Title VII claims. *See Yellow Freight Sys., Inc. v. Donnelly*, 494 U.S. 820, 821 (1990). Thus, Plaintiff could have brought his Title VII claims in state court, but he chose not to, instead electing only to pursue state remedies for his discrimination claims. He eventually dismissed his state court action, by his own choice, and filed a new, untimely action against Defendants in federal court. The doctrine of equitable tolling is not designed to give plaintiffs leave to forum shop.[7]

---

[7] Even if Plaintiff had raised his Title VII claims in his previous state court action, it is not clear that equitable tolling would have applied. "In instances where a complaint is timely filed and later dismissed, the timely filing of the complaint does not 'toll' or suspend the 90-day limitations period. . . . In such cases, dismissal of the original suit, even though labeled as without prejudice,

10

Case No.: 11-cv-02752-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE

Furthermore, Plaintiff has pled no extraordinary circumstances that prevented him from filing this suit on time. Plaintiff alleges that he received confusing instructions from the EEOC personnel with whom he spoke, but the October 20, 2010 Request for Notice of Right to Sue afforded him clear and unambiguous notice of the 90-day filing requirement. Plaintiff signed and dated this form, indicating his understanding of the statutory requirement. *See* RJN Ex. A ("I am also aware that I must file a private suit in Federal Court within ninety (90) days from the date of my receipt of Notice of Right to Sue."). Plaintiff also argues that he is entitled to equitable tolling because he was dissatisfied with his attorney's quality of representation in state court. However, Plaintiff does not plead any facts sufficient to establish "[b]ad [f]aith [l]egal [r]epresentations" or "[a]ttorney misconduct," *see* SAC at 65:23-67:23 (complaining that his attorney advised him to settle because his discrimination claims were weak), and the Court is not required to "assume the truth of legal conclusions merely because they are cast in the form of factual allegations," *Fayer*, 649 F.3d at 1064 (internal quotation marks and citation omitted). In any event, an attorney's ordinary negligence generally is not a basis for equitable tolling. *See Irwin*, 498 U.S. at 96 (declining to apply equitable tolling where petitioner alleged that he missed the filing deadline because his attorney was absent from the office when the EEOC notice was received, because "the principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect").

Based on the totality of the circumstances, the Court concludes that Plaintiff has not pled the existence of any extraordinary circumstances that prevented him from filing this federal suit on time. Plaintiff has not shown an entitlement to equitable tolling, and therefore his SAC must be dismissed as time-barred.

### C. Leave to Amend

As the Court stated in its previous order, it is this Court's practice to grant leave to amend to allow a plaintiff, especially one proceeding *pro se*, at least one opportunity to remedy

---

nevertheless may sound the death knell for the plaintiff's underlying cause of action if the sheer passage of time precludes the prosecution of a new action." *O'Donnell*, 466 F.3d at 1111 (internal quotation marks and citations omitted).

deficiencies in the complaint. ECF No. 31 at 5; *see* Fed. R. Civ. P. 15(a) (leave to amend "shall be freely given when justice so requires"); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."). However, leave to amend may be denied if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008). In addition, a motion to dismiss may be granted without leave to amend where the face of the complaint establishes "facts that foreclose[] any showing of reasonable diligence." *Von Saher*, 592 F.3d at 969 (discussing *Orkin v. Taylor*, 487 F.3d 734, 742 (9th Cir. 2007)). Furthermore, this Court's "'discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.'" *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) (quoting *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989)).

Plaintiff has already been given leave to amend once before, and he has failed in his Second Amended Complaint to identify a specific basis for equitable tolling. The Court finds that granting Plaintiff leave to file a Third Amended Complaint against Defendant, particularly where Plaintiff has already had opportunity to litigate these claims in state court, would unduly prejudice Defendant by forcing it to defend against stale claims, and would likely also be futile. Accordingly, Plaintiff's SAC is DISMISSED as to Defendant Daughters of Charity WITH PREJUDICE.[8]

**IV. CONCLUSION**

For the reasons stated above, the Court GRANTS Defendant's Motion to Dismiss with prejudice.[9]

---

[8] Plaintiff's SAC is dismissed as to Defendant Daughters of Charity only. Plaintiff does not appear to have served Defendants Caritas and O'Connor Hospital within 120 days of filing the initial complaint; however, if good cause for the failure is shown, the Court must extend the time for service for an appropriate period. *See* Fed. R. Civ. P. 4(m). The Court advises Plaintiff to sign up for an appointment with the Federal Legal Assistance Self-Help Center ("FLASH") at the San Jose Courthouse. The telephone number for FLASH is (408) 297-1480.

[9] On December 30, 2011, after briefing on the instant motion was already complete, Plaintiff filed a document titled "Civil Complaint (Correction Right to Sue)." *See* ECF No. 49. This document

12

Case No.: 11-cv-02752-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE

1  **IT IS SO ORDERED.**

3  Dated: February 6, 2012

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

---

appears to be Plaintiff's attempt to file a Third Amended Complaint, which he has filed without first obtaining either the opposing party's written consent or the Court's leave, in violation of the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 15(a).  Consequently, document number 49 is hereby STRICKEN as an unauthorized pleading.  *See id.*; Fed. R. Civ. P. 8(f)(1).  Defendant Daughters of Charity's pending Motion to Strike Plaintiff's 'Correction (Right to Sue)' Complaint Filed December 30, 2011, ECF No. 50, currently noticed for April 19, 2012, is DENIED as moot.  Accordingly, the April 19, 2012 hearing is vacated.  Plaintiff's Motion to Shorten Time for a Status Conference, ECF No. 42, is hereby also DENIED as moot.

13

Case No.: 11-cv-02752-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE